```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

MARK A. CRICHLOW,

                      Plaintiff,              25-CV-6591 (JHR)(SN)

      -against-                          **ORDER**

VERITUITY INC. and FORGEPOINT CAPITAL,

                      Defendants.

```
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff filed his complaint on August 5, 2025, and an amended complaint on August 8, 2025. A summons was issued on August 27, 2025. It is unclear whether Plaintiff has served the Defendants.

      Plaintiff filed the Declaration of Mark Anthony Crichlow in Support of Emergency Motion for Temporary Restraining Order (the "Emergency Declaration") on August 19, 2025, and nine days later, he filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction To Preserve Evidence (the "TRO Motion"). The Emergency Declaration describes cyberattacks that Plaintiff believes emanated from Defendants. It also identifies a lawsuit that Plaintiff filed in the D.C. District Court (presumably against the Defendants) and a lawsuit initiated by Defendant Verituity Inc. against Plaintiff in Virginia state court. Plaintiff's TRO Motion similarly describes cyberattacks and why Plaintiff believes they were orchestrated by Defendants. Plaintiff seeks a temporary restraining order to preserve evidence and prevent spoilation. Plaintiff asks the Court to (1) order Defendants to preserve all documents, (2) compel Defendants to produce certain "history logs," (3) compel the production of certain

communications, (4) compel Defendants' consent to the subpoena of an audit and activity logs of vendors, such as Google Workspace, and (5) issue a preservation order.

On this record, and without the benefit of the adversary process, the Court declines to find that Plaintiff has established a likelihood of success on the merits of his case to entitle him to the extraordinary relief he seeks. Accordingly, the application for a discovery-related TRO is DENIED without prejudice.

Plaintiff's filings, however, suggest that the parties are already litigating in at least two other forums. "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Federal Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001). Accordingly, all parties are under an obligation to preserve evidence that may be relevant to this litigation as well as the pending litigation in the D.C. District Court and Virginia state court. The failure to preserve documents may result in sanctions, including adverse inferences or even case dispositive sanctions.

## CONCLUSION

Plaintiff's motion for a temporary restraining order is DENIED. Plaintiff is ORDERED to serve on Defendants this Order, as well as the summons and amended complaint, the Emergency Declaration and the TRO Motion. All parties are ORDERED to preserve all evidence that may be relevant to any claim or defense in this action. The Court will schedule a conference once Defendants have filed their appearance through counsel.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 14.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   August 29, 2025
         New York, New York