UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK A. CRICHLOW,

                              Plaintiff,                            25-CV-6591 (JHR)(SN)

                     -against-                                    **ORDER**

VERITUITY INC. and FORGEPOINT CAPITAL,

                              Defendants.

------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      On August 29, 2025, the Court denied without prejudice Plaintiff's application for a discovery-related temporary restraining order ("TRO"). The Court did, however, direct all parties to preserve evidence that may be relevant to this litigation as well as the pending litigation in the D.C. District Court and Virginia state court.

      Plaintiff has now filed: (1) Emergency Motion for Order to Show Cause, (2) Notice of Supplemental Filing Regarding Pending Motion for Order to Show Cause, (3) TRO Motion to Enjoin Defendants from seeking default judgment in a state court proceeding, and (4) Third Notice of Supplemental Filing Regarding Defendants' Abuse of Process, Spoilation, and Improper Purpose. ECF Nos. 16-19.

      Plaintiff's most recent emergency motions and filings relate to a state court lawsuit filed by Defendant Verituity Inc. in the Circuit Court of Fairfax Country, Virginia, Case No. CL-2025-0010796 (the "Fairfax Action"). In the Fairfax Action, Defendant Verituity Inc. has moved for default judgment against Plaintiff, which Plaintiff believes is "a clear attempt to bypass the proper legal process and gain an unfair advantage." ECF No. 16, at 2. Plaintiff asks that this

Court issue an order to compel Defendants to show cause why they should not be sanctioned and enjoin Defendants from pursuing the Fairfax Action.

The Anti-Injunction Act, 28 U.S.C. § 2283, bars a federal court from enjoining a proceeding in state court unless, in very narrow circumstances, that action is "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. See also Standard Microsystems Corp. v. Texas Instruments Inc., 916 F.2d 58, 60 (2d Cir. 1990). The Supreme Court has directed that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).

Plaintiff has not demonstrated the applicability of any of the Anti-Injunction Act's three limited exceptions. Moreover, any allegations regarding deficient service, misconduct by Defendant Verituity Inc., or a motion for sanctions related to Defendant's conduct in the Fairfax Action is properly brought to the Circuit Court of Fairfax Country, not this Court.

## CONCLUSION

Accordingly, Plaintiff's motion for an order to show cause and a temporary restraining order is DENIED. Plaintiff is ORDERED to serve Defendants this Order, as well as his filings dated September 1, 2025, and September 4, 2025. He shall file proof of service by September 15, 2025. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 18.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 8, 2025
         New York, New York