UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARK A. CRICHLOW,

                           Plaintiff,                    25-CV-6591 (JHR)(SN)

      -against-                                     **ORDER**

VERITUITY INC. and FORGEPOINT CAPITAL,

                           Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff, proceeding *pro se*, commenced this action on August 5, 2025, by filing a Complaint against Defendants Verituity Inc. ("Verituity") and Forgepoint Capital ("Forgepoint"). After Plaintiff was granted permission to proceed in forma pauperis, the Court directed the Clerk of Court to issue a summons for each Defendant to effect service through the U.S. Marshals Service. ECF No. 11. On September 4, 2025, the U.S. Marshals mailed the Complaint, summonses, and waiver forms to Defendants. In the meantime, Plaintiff filed a motion for alternate service by email, which the Court denied pending Defendants' response to service by mail. ECF No. 26. After Defendants did not enter an appearance or return a signed waiver, the U.S. Marshals Service attempted personal service on Forgepoint, but personnel at the front desk refused service. ECF No. 27.

      Accordingly, the Court finds that Plaintiff has met his burden that the prescribed methods of service are impracticable and that alternate service through electronic mail should be permitted. "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (quoting Madu, Edozie & Madu, P.C. v.

Socketworks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)) (internal quotation marks omitted). In exercising this discretion, courts have sometimes required a party seeking alternative service to show "(1) . . . that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) . . . that the circumstances are such that the court's intervention is necessary." Elsevier, Inc. v. Siew Yee Chew, 287 F. Supp. 3d 374, 378 (S.D.N.Y. 2018) (quoting Devi v. Rajapaska, No. 11-CV-6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012)). Although the Federal Rules do not explicitly require this showing, courts have viewed it as necessary "to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. at 266 (internal quotation marks omitted). "A method of alternate service is acceptable if it "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." Jian Zhang v. Baidu.com Inc., 293 F.R.D. 508, 514 (S.D.N.Y. 2013) (quoting SEC v. Anticevic, No. 05-CV-6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)). To satisfy due process, the notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Luessenhop v. Clinton County, New York, 466 F.3d 259, 269 (2d Cir. 2006) (citing Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

The Court finds that Plaintiff has made reasonable efforts to serve Defendants and that circumstances warrant the use of email service. Accordingly, Plaintiff is hereby authorized to serve Defendants by electronic mail as follows:

- As to Defendant Verituity, Plaintiff shall email a copy of this order, the summons, and the Complaint to Verituity Chief Executive Officer, Ben Turner, at ben.turner@verituity.com.

- As to Defendant Forgepoint, Plaintiff shall email a copy of this order, the summons, and the Complaint to Forgepoint's Chief Financial Officer, Lisa Lee, at llee@forgepointcap.com.

Plaintiff's motion to deem service on Forgepoint effective (ECF No. 28) is DENIED.

## CONCLUSION

By November 20, 2025, Plaintiff shall serve a copy of this Order, the summons, and complaint (1) on Defendant Verituity through Ben Turner's email; and (2) on Defendant Forgepoint through Lisa Lee's email. Plaintiff shall file proof of service of these documents on the docket. Defendants are ordered to file an answer or otherwise respond to the complaint within 21 days of service by email. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 28.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    November 14, 2025
          New York, New York