USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 12/12/2025 ___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

MARK A. CRICHLOW,

                              **Plaintiff,**

              -against-

VERITUITY INC. and FORGEPOINT CAPITAL,

                           **Defendants.**

-----------------------------------------------------------------X

                    **25-CV-6591 (JHR)(SN)**

                       **ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On December 9, 2025, the Court granted Defendant Forgepoint Capital Management, LLC ("Forgepoint") an extension to answer or otherwise respond to Plaintiff's Complaint and denied Plaintiff's motion for a default judgment as moot. ECF No. 49. Plaintiff moves for reconsideration of the order pursuant to Federal Rule of Civil Procedure 54(b).[1] The motion for reconsideration is DENIED.

Under Rule 54(b), interlocutory decisions "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration is limited to circumstances where there is "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 332 F.3d 147, 167 (2d Cir. 2003) (citation omitted). In the absence of these circumstances, a motion for reconsideration is normally inappropriate. Id.

---

[1] Plaintiff also raises objections to the extension under Federal Rule of Civil Procedure 72(a). This Order addresses only the motion for reconsideration under Rule 54(b); Plaintiff's Rule 72(a) objections will be resolved by the District Judge in the ordinary course.

Plaintiff argues that the Court committed clear error by denying his default application as moot because Forgepoint filed a letter requesting an extension of time rather than an answer or a Rule 12 motion. The argument is unavailing. Default judgments are generally disfavored, as courts prefer to resolve disputes on the merits. Consistent with that principle, Rule 55(a) authorizes entry of default only where a party has failed to "plead or otherwise defend." Fed. R. Civ. P. 55(a).

Here, Forgepoint filed a timely request for an extension on the day its response was due, expressly indicating its intent to defend the action and to join its co-defendant's motion to dismiss. In addition, the Court has discretion to extend the time to respond to a complaint where, as here, the request is made before the original deadline expires. See Fed. R. Civ. P. 6(b)(1)(A). Under these circumstances, the Court did not err in granting the extension and denying Plaintiff's request for default as moot.

Plaintiff also argues that the Court's Order improperly permits Forgepoint to join Verituity's motion to dismiss because Verituity's counsel is a named subject in Plaintiff's SEC whistleblower complaint. This argument is speculative and fails to allege any facts showing that Verituity and Forgepoint have adverse interests or that counsel's representation presents an actual or serious potential conflict of interest. Plaintiff therefore has not met the heavy burden required to warrant disqualification of counsel.

Because Plaintiff identifies no intervening change in law, new evidence, or clear error warranting reconsideration, the motion is denied.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    December 12, 2025
          New York, New York

3