USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/28/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

**MARK A. CRICHLOW,**

**Plaintiff,**

**-against-**

**VERITUITY INC. and FORGEPOINT CAPITAL,**

**Defendants.**

---------------------------------------------------------------X

**25-CV-6591 (JHR)(SN)**

**ORDER & OPINION**

**SARAH NETBURN, United States Magistrate Judge:**

Verituity, Inc. ("Verituity") moves to seal certain exhibits attached to various filings of Plaintiff Mark A. Crichlow ("Plaintiff") because the exhibits contain information about Verituity's customers and other proprietary business information. See ECF No. 76. The Court granted Verituity preliminary relief and directed Plaintiff to file an opposition. See ECF No. 77. Plaintiff filed several submissions opposing the motion to seal and seeking related relief. See ECF Nos. 78, 79, 83, 84, & 91.

Because the sealing request is narrowly tailored to protect confidential customer information, proprietary business information, and cybersecurity-sensitive materials, and because those higher interests outweigh the presumption of public access applicable to the exhibits, Verituity's motion to seal is GRANTED. Plaintiff's motions for related relief are DENIED.

## BACKGROUND

Plaintiff, proceeding *pro se*, brought this action against Verituity, Inc. and Forgepoint Capital Management, LLC. The claims arise from Plaintiff's employment with Verituity. Verituity has moved to dismiss the complaint for lack of personal jurisdiction, to compel

arbitration pursuant to the arbitration provision in Plaintiff's offer letter, and, alternatively, for failure to state a claim. See ECF No. 37. After that motion was submitted, Plaintiff filed several additional submissions styled as motions, declarations, or supplemental memoranda, including motions seeking jurisdictional discovery and an evidentiary hearing, all in opposition to Defendants' motions. See ECF Nos. 61-74.

In connection with those submissions, Plaintiff filed a number of exhibits on the public docket. Verituity contends that 17 exhibits contain confidential customer information, proprietary technical information, source code or code-related materials, internal communications regarding Verituity's systems and security processes, and analyses derived from those materials. Specifically, Verituity seeks to seal ECF Nos. 67-1, 71-1, 71-4 through 71-6, 71-8 through 71-11, 71-13, 71-14, 71-19 through 71-23, and 73-1 through 73-3. Verituity represents that these materials include, among other things, customer and payment-identification information, internal emails discussing Verituity's system and security-related processes, proprietary verification-code configuration, code or code-related materials, internal conversations concerning the development of Verituity's system, and a confidential analysis of Verituity's system. See ECF No. 76-1.

Verituity asserts that the information at issue is not publicly known and that public disclosure would risk competitive and cybersecurity harm to Verituity and its customers. ECF No. 76-1 at 3; Declaration of Chris Smith ("Smith Decl."), ECF No. 76-2 at ¶¶ 13-15. Verituity further represents that it takes steps to protect the confidentiality of this information, including requiring employees to comply with confidentiality obligations, maintaining a written information-security policy, restricting access to the information, password-protecting the

information, and prohibiting employees from downloading confidential information to personal devices. Smith Decl. ¶¶ 16, 19-20.

The Court granted Verituity preliminary relief and temporarily sealed the challenged materials pending further order. See ECF No. 77. Plaintiff then filed several submissions opposing continued sealing and seeking related relief. In those submissions, Plaintiff argues that the documents are judicial documents subject to the common law and First Amendment rights of access and that they are relevant to his allegations that Verituity misrepresented the nature and sophistication of its technology. See ECF Nos. 78, 79, 82, 91. Plaintiff also filed motions seeking to strike portions of Verituity's sealing motion, compel Verituity to provide an evidentiary basis for certain statements in that motion, and impose sanctions. See ECF Nos. 83, 84.

## DISCUSSION

### I. Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" Id. at 120 (citation omitted). Documents are considered judicial documents if they are "relevant to the performance of the judicial function and useful in the judicial process." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted). The "relevance" of a specific document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." Id. Rather, what is important is whether a document "would reasonably have the tendency to influence a district court's ruling on a motion." Id.

After finding that documents are judicial documents to which the presumption of access attaches, courts must "balance competing considerations against" that presumption. Lugosch, 435 F.3d at 120 (citation omitted). The sealing of judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124. Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, "conclusory statements that documents contain confidential business information" are insufficient to justify sealing. United States v. Wells Fargo Bank N.A., No. 12-cv-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). Rather, the moving party must make a "particular and specific demonstration of fact[] showing that disclosure would result in an injury sufficiently serious to warrant protection." Id. (citation omitted). The interests in favor of non-disclosure can include "the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 120 (citation omitted).

## II. Analysis

The Court assumes that the challenged exhibits are judicial documents subject to a strong presumption of public access because Plaintiff filed them in connection with his opposition to Defendants' motions to dismiss. Still, a court may seal judicial documents where "specific, on-the-record findings" show that sealing is necessary to preserve higher values and is narrowly tailored to serve those interests. Lugosch, 435 F.3d at 124. Courts have recognized that such higher interests may include protecting trade secrets, confidential customer information, proprietary business information, source code, sensitive technical information, and materials whose disclosure could create competitive or security-related harm. See S.E.C. v. Telegram Grp., Inc., No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); JMG

Improvements, Inc. v. Arch Specialty Ins. Co., No. 20-cv-2882 (RA)(GWG), 2021 WL 3173022, at *2 (S.D.N.Y. July 26, 2021); Avocent Redmond Corp. v. Raritan Americas, Inc., No. 10-cv-6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012).

Verituity has made that showing here. See generally Smith Decl. First, it has identified the specific categories of confidential information contained in the challenged exhibits. ECF No. 67-1 contains customer and payment information, including unique payee-identification codes associated with transactions. ECF Nos. 71-1, 71-4, and 71-5 contain internal communications discussing Verituity's system, pending development changes, security features, proprietary verification efforts, and engineering changes. ECF No. 71-6 and ECF No. 73-1 contain verification-code configuration information. ECF Nos. 71-8 through 71-10, 71-19 through 71-23, and 73-2 contain summaries, source code, and code-related materials concerning Verituity's systems. ECF Nos. 71-11 and 71-14 contain internal, detailed conversations among Verituity employees concerning development of Verituity's system. ECF No. 71-13 contains an outline of Verituity's plans to improve its network with respect to fraud detection and payment optimization. ECF No. 73-3 contains an analysis and evaluation of Verituity's system derived from the other challenged materials.

Second, Verituity has established that the exhibits, if publicly disclosed, could reveal customer and payment-identification information, expose proprietary technical materials, disclose source code or code-related materials, and reveal internal security-related information concerning Verituity's systems and network. Verituity further represents that the information is not publicly known and that it takes measures to preserve the confidentiality of the information, including requiring employees to comply with confidentiality obligations, maintaining an information-security policy, restricting access, password-protecting information, and prohibiting

employees from downloading confidential information to personal devices. See Smith Decl., ¶¶ 13, 16, 19-20.

These representations provide a particularized basis to conclude that disclosure would risk competitive harm to Verituity and could expose Verituity and its customers to cybersecurity or financial risk. Courts in this District recognize that the "potential competitive harm from revelation of sensitive technical information" may justify sealing. See JMG Improvements, 2021 WL 3173022, at *2 (permitting sealing where disclosure of confidential and proprietary business information could allow a competitor to "duplicate or reconstruct" the document); Avocent Redmond Corp., 2012 WL 3114855, at *16 (permitting sealing of documents containing "engineering schematics, confidential source code and confidential deliberations about future products," the disclosure of which could unfairly allow competitors to develop competing products). Public disclosure of the challenged exhibits could reveal confidential customer information, expose Verituity's proprietary technical materials to competitors, and disclose security-sensitive information that could be misused.

For his part, Plaintiff argues that the challenged exhibits should be unsealed because, in his view, they reveal "AI-washing," fraud, technical deficiencies, or other misconduct. The Court need not address those allegations to decide the sealing motion, and Plaintiff's characterization of the exhibits does not eliminate Verituity's legitimate confidentiality interests. Allegations of wrongdoing do not require public disclosure of customer information, payment information, source code, internal technical architecture, network architecture/security information, or cybersecurity-sensitive materials, particularly where Plaintiff's allegations and arguments remain publicly available in his briefs and motions.

The Court also finds that sealing the challenged exhibits is narrowly tailored. Verituity seeks to seal only 17 exhibits, all of which are internal Verituity records or derived therefrom. It does not seek to seal Plaintiff's complaint or allegations, Plaintiff's motion papers, or Plaintiff's opposition to the motions to dismiss. Plaintiff remains free to argue that the challenged exhibits support his claims, and the public remains able to review Plaintiff's legal theories, factual allegations, and arguments concerning the alleged significance of those materials.

Redaction would not adequately protect the interests at stake. The sensitive information is not limited to isolated names, account numbers, or discrete passages that can be excised while leaving meaningful public material intact. Rather, the protected information pervades the challenged exhibits. Under these circumstances, redacting the protected information would either fail to protect Verituity's confidentiality and security interests or would leave little meaningful public content. Thus, sealing the challenged exhibits is no broader than necessary.

Plaintiff's remaining requests for relief are denied. Plaintiff asks the Court to vacate the temporary sealing order and unseal the challenged exhibits. For the reasons stated above, the challenged exhibits shall remain under seal. Plaintiff also asks the Court to strike portions of Verituity's filing and compel Verituity to provide an evidentiary basis for certain statements regarding Plaintiff's location and alleged motives. The Court does not rely on Verituity's statements concerning Plaintiff's location or motives in resolving the sealing motion. The sealing determination rests on the nature of the challenged exhibits and Verituity's showing that disclosure would risk harm to legitimate confidentiality and security interests. Accordingly, Plaintiff's requests to strike, compel an evidentiary showing, and impose sanctions are denied.

Plaintiff's argument that Verituity waived its jurisdictional defenses by seeking sealing relief is also denied. A party may seek limited relief to protect confidential materials filed on the

public docket without consenting to personal jurisdiction or forfeiting a jurisdictional objection. See Lively v. Wayfarer Studios LLC, No. 24-cv-10049 (LJL), 2025 WL 2485438, at *2 (S.D.N.Y. Aug. 28, 2025) (requests for sealing relief do not demonstrate an expectation of litigating the merits or any substantive issues in the case). Verituity's motion to seal asks the Court to control access to materials filed on its docket; it neither seeks adjudication of the merits of Plaintiff's claims nor waives Verituity's Rule 12 defenses.

**CONCLUSION**

Verituity's motion to seal is GRANTED. The challenged exhibits, ECF Nos. 67-1, 71-1, 71-4 through 71-6, 71-8 through 71-11, 71-13, 71-14, 71-19 through 71-23, and 73-1 through 73-3, shall remain under seal.

Plaintiff's motions and requests to unseal the challenged exhibits, vacate the Court's temporary sealing order, strike portions of Verituity's filing, compel Verituity to provide an evidentiary basis for certain statements, impose sanctions, and deem Verituity's jurisdictional defenses waived are DENIED.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 76, 78, 79, 83, 84, and 91.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: July 28, 2026
New York, New York